## Crowley v. Pennsylvania Electric Co.

*James Villanova,* for plaintiff.
*Raymond H. Conaway,* for defendant Pennsylvania Electric Company.
*Paul K. Vey,* for defendant Burnham Eastland.

McCORMICK, *J.,* July 19, 1991—

OPINION AND ORDER

This matter is before the court on preliminary objections filed by the additional defendant, Burnham Eastland Industrial Contractors Inc. The preliminary objections are in the nature of a demurrer and a motion to strike. The plaintiff was an employee of Burnham when he was injured on August 17, 1989, when he fell from scaffolding at a Pennsylvania Electric Company (Penelec) facility. The plaintiff sued Penelec alleging that it was negligent in sundry ways. Penelec subsequently joined Burnham as an additional defendant alleging that Burnham was negligent in causing the

plaintiff's injuries and that Burnham has agreed to indemnify Penelec against this claim by way of a written agreement dated July 28, 1987.

Burnham argues in its preliminary objections that, as the plaintiff's employer, it is immune from joinder under the Pennsylvania Workmen's Compensation Act, 77 P.S. §481, and that the written agreement relied on by Penelec is not sufficiently specific to overcome this immunity. Burnham also argues that allegations in Penelec's complaint to join additional defendant improperly includes a claim for wrongful denial of insurance coverage which should be stricken from this case for the reason that a party cannot join in a liability action a claim for wrongful denial of insurance coverage.

This court has reviewed the contract language relied upon by Penelec and although it does not specifically refer to "contribution" or "indemnification" it is clear that Burnham agreed to assume all liability and risk of loss resulting from any injuries to third persons, including the plaintiff. By assuming "responsibility and liability for losses, expenses, damages, demands and claims by third parties arising out of any injury (including death) of any person," it is apparent that Burnham has agreed to protect Penelec from the claims of the plaintiff provided that the plaintiff's injuries were caused by the negligence of Burnham. Of course, whether or not Burnham was negligent and whether this negligence caused the plaintiff's injuries is a matter to be resolved at trial. This court is satisfied that a fair reading of the relevant contract provisions is sufficient to overcome the immunity language of the Pennsylvania Workmen's Compensation Act, 77 P.S. §481.

Accordingly, Burnham's preliminary objections in the nature of a demurrer will be denied.

With regard to Burnham's preliminary objections in the nature of a motion to strike for misjoinder of causes of action, this court does not read Penelec's complaint to join additional defendant as a claim for wrongful denial of insurance coverage. Penelec does not seek damages against Burnham for failure to pay on an insurance policy. Instead, Penelec is alleging that Burnham has failed to comply with its contractual obligation of obtaining insurance coverage and that this failure entitles Penelec to reimbursement of any damages that may arise from the failure of Burnham to comply with its contract. Penelec's claim is not against Burnham as an insurer, but rather as a party to a contract who was required to obtain insurance. Therefore, this court does not interpret Penelec's claim against Burnham as a claim for wrongful denial of insurance coverage and Burnham's preliminary objections in the nature of a motion to strike will likewise be denied.

For the reasons stated above, the court enters the following order.

## ORDER OF COURT

And now, to wit, July 19, 1991, after consideration of the preliminary objections filed by Burnham Eastland Industrial Contractors Inc., and for the reasons set forth in the foregoing opinion, it is hereby ordered, adjudged and decreed that the additional defendant's preliminary objections are denied.